Marvin COLEMAN, Plaintiff,

v.

CASEY COUNTY BOARD OF EDUCA-
TION et al., Defendants.

Civ. A. No. 79–0055–BG.

United States District Court,
Western Dist. of Kentucky,
Bowling Green Division.

March 26, 1980.

Larry F. Sword, Somerset, Ky., Patricia G. Walker, Frankfort, Ky., Allen Holbrook, Morehead, Ky., for plaintiff.

John W. Murphy, Jr., Liberty, Ky., Edward L. Fossett, Frankfort, Ky., for defendants.

## MEMORANDUM OPINION

JOHNSTONE, District Judge.

The plaintiff, Marvin Coleman, drove a school bus for the Casey County Board of Education for four years. In 1978, plaintiff's left leg was amputated; he has not

worked as a bus driver since that time, although he has undergone rehabilitative training to relearn driving skills. After he learned to drive again, Coleman applied for his former position. The Board of Education refused to rehire him.

Coleman brought this action against the Casey County Board of Education, its members in both their official and individual capacities, the Kentucky Superintendent of Public Instruction, and the Kentucky State Board for Elementary and Secondary Education. He alleges defendants violated his Fourteenth Amendment due process and equal protection rights, together with certain rights created by Section 504 of the federal Rehabilitation Act of 1973, 29 U.S.C. § 794. The matter is before the Court on plaintiff's motion for partial summary judgment, to which defendants have not responded. After reviewing the entire record, the Court believes plaintiff's motion must be granted in part.

Section 504 of the Rehabilitation Act of 1973 (as amended 1978) provides in pertinent part:

> No otherwise qualified handicapped individual ... shall, solely by reason of his handicap be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

Plaintiff contends he is an "otherwise qualified handicapped individual" entitled to the protection of Section 504. Defendants, in their answers, state they do not have sufficient information upon which to form a belief as to Coleman's contention. However, as previously noted, defendants made no response to plaintiff's summary judgment motion. None of the defendants has offered any evidence or any serious argument that plaintiff is not qualified to operate a school bus safely. Instead, defendants explain they had no alternative but to deny Coleman a bus driving job, because a Kentucky administrative regulation so mandates. That regulation, 702 KAR 5:080(1), promulgated by the State Board for Elementary and Secondary Education, provides:

> No person shall drive a school bus who does not possess both of these natural body parts: feet, legs, hands, arms, eyes, and ears. The driver shall have normal use of the above named body parts. Eyes may be corrected to normal by the use of eyeglasses. The driver shall not have any physical or mental handicap that would affect the driver's ability to operate the school bus in a safe manner.

As far as the record shows, the only reason for the Board of Education's failure to rehire Coleman is that 702 KAR 5:080(1) clearly prohibits the employment as a bus driver of anyone who does not have two natural legs. Thus, this case presents a clear conflict between the federal statute and a state regulation.

I

Before we can address the merits of plaintiff's Section 504 claim, we must consider whether that statute grants plaintiff a right of action. This issue has been very ably addressed by the Commonwealth of Kentucky Office for Public Advocacy as *amicus curiae*.

Section 504 does not expressly provide for private enforcement actions. In such a case, the Court must determine whether the four criteria set out in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), have been met in order to find an implied private cause of action. The plaintiff must be a member of the class "for whose especial benefit" the statute was enacted; there must be evidence of legislative intent to create such a right; implying a private cause of action must be consistent with the underlying purposes of the statute; and the cause of action must be in an area not traditionally reserved to the states and precluded by comity from federal action.

Section 504 was patterned after Title VI of the Civil Rights Act of 1964. All of the remedies and procedures available under the latter statute are available to one protected by Section 504. The Supreme

Court ruled in *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), that Title VI is enforceable by private actions. Further evidence that Congress intended to permit private actions is found in the availability of attorneys' fees under the Rehabilitation Act. 29 U.S.C. § 794a.

The Supreme Court has reserved judgment on whether a private right of action is implied by Section 504, *Southeastern Community College v. Davis,* 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979) ([plaintiffs] are the people in the best position to enforce Section 504, which is designed specifically for their protection).

We find the reasoning of the aforementioned cases persuasive. We have not been referred to, nor have we found, any authority to the contrary. The tests of *Cort v. Ash* are satisfied by the statute in the instant case. Therefore, plaintiff may proceed in this effort to enforce Section 504.

### II

Plaintiff has submitted numerous affidavits indicating his ability to operate a school bus despite his loss of limb. He has undergone a substantial amount of rehabilitative driver training and has been evaluated by several driving instructors, each of whom stated without reservation that he is a highly competent bus driver who is not hindered at all by his prosthesis.

In order for plaintiff to operate a bus, it must be equipped with either an automatic transmission or a hand clutch. The Bureau of Rehabilitation Services of the Kentucky Department of Education has offered to provide the Casey County school system with the equipment necessary to accommodate Coleman's special needs, so that the school board would not have to expend any money to employ him.

To the extent the state administrative regulation is in conflict with the federal statute, the Supremacy Clause requires that the regulation yield. Article IV, § 2, Constitution of the United States. *See*

United States v. Georgia Public Service Commission, 371 U.S. 285, 83 S.Ct. 397, 9 L.Ed.2d 317 (1963); *McDermott v. Wisconsin,* 228 U.S. 115, 33 S.Ct. 431, 57 L.Ed. 754 (1912). Under the circumstances present in the case at bar, where it is uncontroverted that plaintiff is well-qualified for the position he seeks, and where no expenditures by defendants would be needed in order to provide the required equipment, Section 504 mandates that Coleman be re-employed as a bus driver.

Our interpretation of Section 504 obviates the necessity of considering plaintiff's equal protection and due process claims.

Plaintiff's motion for partial summary judgment is granted to the extent it seeks to prohibit application of 702 KAR 5:080(1) to plaintiff, and to require plaintiff's re-employment as a school bus driver. We reserve judgment on plaintiff's request for an award of back pay, as well as on all other issues raised by the pleadings. A judgment in conformity with this opinion has this day been entered.